ROBERT H. WYNN, EXECUTOR AND DEVISEE OF WILLIAM WYNN, DECEASED, PLAINTIFF IN ERROR, *v.* CHARLES B. MORRIS ET AL.

In the present case, the complainant and appellant did not derive his title to the land in dispute from any statute of the United States; and therefore this court has no jurisdiction over the matter by virtue of the 25th section of the judiciary act.

THIS case was brought up from the Supreme Court of the

State of Arkansas, by a writ of error issued under the 25th section of the judiciary act.

The case is fully stated in the opinion of the court.

It was submitted on printed arguments, by *Mr. Pike* for the plaintiff in error, and by *Mr. Watkins* and *Mr. Bradley* for the defendant.

The arguments upon both sides were directed almost entirely to the merits of the case; the question of jurisdiction was made by the counsel for the defendant in this manner:

If the decision of the court below had been against the right claimed by Mrs. Taylor, under the act of Congress of the 29th of May, 1830, *she* would have had a right of appeal, but Wynn would not; although the case might be said to involve the construction of that act, because, confessedly, he does not claim any right under it.

The decision being in favor of the right, there is no ground left for the appellate jurisdiction of this court to rest upon, unless the plaintiff can make it appear that the decision of the court below involved the construction of the act of September 4th, 1841, and was against a right claimed under that act for granting lands to the State of Arkansas.

But, according to the case made by the bill, the State does not and cannot claim any title to this land under the act of 1841. Whether the plaintiff ever acquired any right to it from the State or under the selection, is purely a question of contract, or of private grievance, as between him and the State. True, he must trace his title back to the act of 1841. But in that sense, every disputed land case might come up to this court, as all titles are more or less remotely derived from the United States.

Mr. Justice CATRON delivered the opinion of the court.

The complainant filed his bill in a State Circuit Court in Arkansas, to enjoin Morris from executing a writ of possession founded on a recovery by an action of ejectment for the northwest quarter of section 18, in township 16, south of Red river.

Wynn alleges that the whole of the quarter section was cultivated by him, and had been for years before the inception of Morris's title, and that he, Wynn, claimed title to the land through the State of Arkansas, and that Morris had obtained a legal title in fraud of Wynn's superior right in equity.

Morris claims through Keziah Taylor. In 1829 and in 1830, when the occupant law of that year passed, she was a widow, and cultivated a small farm on the land in dispute; she sold

out her possessions there in the latter part of 1830, left the country secretly, and settled permanently in the Mexican province of Coahuila and Texas, and there she remained without returning to Arkansas until December, 1842, when she made her appearance, proved her cultivation in 1829, and her continuing possession in May, 1830, in the form prescribed by the act of that year, had her pre-emption allowed, entered the land, and sold it to Morris. She got a patent in 1844.

The reason why Mrs. Taylor did not enter the land at an earlier day was, that the township No. 16 was not surveyed until 1841, and within one year before the date of her entry.

Wynn seeks a decree on the ground that Morris procured Mrs. Taylor to enter the land for Morris's benefit, when she had no right of pre-emption, because of the abandonment of her possession for more than ten years.

The register and receiver held that a preference of entry was vested by the act of 1830, and they refused to investigate the fact of abandonment. This opinion was concurred in by the Commissioner of the General Land Office. And, to correct this alleged error, the bill was filed. The State Circuit Court refused the relief prayed; adjudged that Mrs. Taylor obtained a valid title to the land, and decreed damages against Wynn for detaining the possession. From this decree he appealed to the Supreme Court of Arkansas, where the decree of the Circuit Court was affirmed, and to that decree Wynn prosecutes his writ of error out of this court; and the first question here is, whether we have jurisdiction to re-examine and reverse or affirm the decree of the State courts. This can only be done in a case where is drawn in question the construction of a statute of the United States, &c., and the decision is *against the title* set up or claimed under the statute by the losing party. If Wynn had *no title*, of course he could not claim under a law of the United States, and cannot come here under the 25th section of the judiciary act of 1789, merely to draw in question the decree which dismissed his bill.

To this effect are the cases of Owings *v.* Norwood's lessee, (5 Cra., 344;) Henderson *v.* Tennessee, (10 How., 311.)

Wynn sets up a pretension of claim to the land in dispute through the State of Arkansas, which State was authorized to locate 500,000 acres of land by acts of Congress passed in 1841 and 1842; and the complainant insists that he had made a contract with the State, through her locating agent, Charles E. Moore, who was acting under instructions from the Governor of said State, to the effect that he, the complainant, should be allowed to purchase the land from the State at two dollars per acre. But the State did not locate this quarter section, nor

had it an interest in it at any time; so that the title was outstanding in the United States till Keziah Taylor made her entry.

The complainant, Wynn, having no interest in the land but a naked possession, not protected by an act of Congress, we order that his writ error be dismissed for want of jurisdiction.